**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TEMPUR　SEALY　INTERNATIONAL, INC.,<br><br>and<br><br>MATTRESS FIRM GROUP INC.,<br><br>　　　　　　　　Defendants. | **Case No.: 4:24-cv-02508**<br><br>**ANSWER OF DEFENDANT MATTRESS FIRM GROUP INC.** |

**DEFENDANT MATTRESS FIRM GROUP INC.'S ANSWER AND
DEFENSES TO COMPLAINT FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

Defendant Mattress Firm Group Inc. ("Mattress Firm"), by and through its attorneys, hereby admits, denies, and avers as follows with respect to the Complaint (dated July 2, 2024) filed by Plaintiff the Federal Trade Commission (the "FTC" or "Commission") in the above captioned matter relating to Mattress Firm's proposed acquisition by Tempur Sealy International, Inc. ("Tempur Sealy"). To the extent not specifically admitted in the following paragraphs, the allegations in the Complaint are denied. Mattress Firm states that the headings and sub-headings throughout the Complaint do not constitute well-pleaded allegations of fact and therefore no response is required. To the extent a response is deemed required, the allegations in the headings and sub-headings in the Complaint are denied.

1

## INTRODUCTION

Mattress Firm is a mattress retailer with approximately 2,300 brick-and-mortar stores and a growing online retail operation.  Mattresses are sold through practically every retail format imaginable, including furniture stores, department stores, mattress specialty stores, big box and club stores, and local independent retailers and mattress retailers.  As a result, Mattress Firm competes vigorously for its customers.  Ignoring this commercial reality, the Complaint fails to allege that Mattress Firm has market power in any plausible retail market or to provide any retail market shares for Mattress Firm.  Rather, the Complaint relies on a vague assertion that some percentage of U.S. mattress shoppers visit Mattress Firm as part of their purchase journey.  Consistent with the highly competitive retail landscape, Mattress Firm recognizes that people also shop online and visit several other retail stores throughout their purchase journey.  Moreover, as the FTC well knows, Mattress Firm's "conversion rate"—i.e., the proportion of those who visit Mattress Firm that ultimately purchase from Mattress Firm, is less than 50%.  Indeed, a substantial percentage of those who visit Mattress Firm but do not buy there will instead buy their mattress online from a different retailer.  After over a year of investigative discovery, the FTC should be able to set forth Mattress Firm's market share in a relevant retail product market, and a complete failure to do so is telling.

Moreover, as the Complaint makes clear, the FTC is focused on a miniscule subset of third-party manufacturers, namely Serta Simmons and Purple.  However, those suppliers—and indeed all non-private label, third-party suppliers combined—make up less than half of Mattress Firm's selection and sales today.  As a result, the FTC brings the

Complaint based on a speculative foreclosure theory that would, at most, impact a fraction of the selection at Mattress Firm, which itself makes up only a fraction of U.S. mattress sales. Competition could not plausibly be substantially lessened under such circumstances.

Furthermore, barriers to opening a mattress store are low and already roughly half of mattress sales in the U.S. are made online. Mattress Firm has succeeded to the degree it has because it has earned a reputation over nearly four decades for providing customers with a broad selection of the most popular mattress brands from various suppliers at competitive prices. After the transaction, Mattress Firm's success in the highly competitive retail marketplace will continue to turn on offering a comprehensive and diverse assortment featuring both Tempur Sealy and non-Tempur Sealy branded products.

The Commission alleges that competition in mattress manufacturing will be substantially harmed by the transaction. That too is incorrect. Mattress Firm is not essential to any mattress manufacturer, nor to ensure that the mattress manufacturing segment remains competitive. Many of the leading mattress manufacturers today, including multiple mattress manufacturers in the Commission's alleged amorphous "premium mattress" market, do not sell at Mattress Firm. In fact, several have turned Mattress Firm down when approached for a partnership. The manufacturers that do sell at Mattress Firm do not – and need not – rely on Mattress Firm, because there are more than sufficient alternative retail channels.

Mattress Firm accordingly denies the Commission's allegations, except as specified below. Further, any allegations relying on the terms "premium mattress" or "premium mattress market" are denied on the ground that those terms are vague and intertwined with

legal conclusions.   Mattress Firm does not interpret headings or subheadings in the Complaint as well-pleaded allegations to which any response is required.   To the extent such a response is required, they are denied.   Mattress Firm reserves the right to amend and/or supplement this Answer.

## SPECIFIC RESPONSES TO THE FTC'S ALLEGATIONS

1.      Mattress Firm admits that it operates over 2,300 brick-and-mortar stores. Mattress Firm denies that it "dwarfs" every other mattress retailer, and notes that there are thousands upon thousands of mattress retailers in the United States, and that Mattress Firm accounts for only a fraction of mattresses sold in the United States today.   Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 1 directed at Tempur Sealy and the remaining allegations in Paragraph 1, and denies the allegations on that basis.   To the extent the Complaint is quoting from or otherwise characterizing documents produced by Mattress Firm, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

2.      Mattress Firm denies that its stores are "ubiquitous" and that Mattress Firm universally "benefits from greater brand recognition than any other mattress specialty store in the United States"; in particular, certain regional chains may benefit from both greater store density and brand recognition than Mattress Firm in the areas in which they are active. Mattress Firm further denies that Paragraph 2 of the Complaint accurately and/or completely characterizes the quoted documents and/or testimony.   Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the

4

allegation in Paragraph 2 directed at Tempur Sealy, and denies the allegation on that basis. Mattress Firm otherwise denies the remaining allegations in Paragraph 2 to the extent those allegations are directed at Mattress Firm.

3.      Mattress Firm admits that it offers a range of mattresses covering various price points. Mattress Firm states that the term "wide" as used in the first sentence is vague and ambiguous and denies the allegation on that basis. Mattress Firm also states that the allegations in Paragraph 3 including the terms "premium mattresses" and "significant" are vague and ambiguous and denies the allegations on that basis. Mattress Firm denies that it is "by far the most important distribution channel for premium mattresses" and notes that mattresses are available through countless competing retailers and direct from manufacturers themselves. Mattress Firm denies that Paragraph 3 of the Complaint accurately and/or completely characterizes the quoted documents and/or testimony. Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 3 directed at Tempur Sealy, and denies the allegations on that basis. Mattress Firm otherwise denies the remaining allegations in Paragraph 3 to the extent those allegations are directed at Mattress Firm.

4.      Mattress Firm admits that Purple Innovation, Inc. ("Purple") began selling through Mattress Firm in 2017. However, rather than being responsible for any alleged "surge" in Purple sales following the commencement of sales through Mattress Firm, Mattress Firm notes that Purple sales had already been "surging" which was why Mattress Firm began carrying Purple in the first place. Mattress Firm admits that Tempur Sealy

stopped supplying Mattress Firm in 2017 and began supplying Mattress Firm again in 2019.  Mattress Firm states that the allegations in the last sentence of Paragraph 4, including the term "premium mattress," are vague and ambiguous and denies the allegations on that basis.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 4, and denies the allegations on that basis.  Mattress Firm denies all other allegations in Paragraph 4.

5.      Mattress Firm denies that it is a critical retail channel or that ownership of Mattress Firm would enable anyone to "wield significant power" over mattress manufacturers.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 5 directed at Tempur Sealy, and denies the allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 5 to the extent those allegations are directed at Mattress Firm.

6.      Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 6 directed at Tempur Sealy, and denies the allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 6 to the extent those allegations are directed at Mattress Firm.

7.      Mattress Firm denies that Paragraph 7 of the Complaint accurately and/or completely characterizes the quoted documents and/or testimony.  Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 7 directed at Tempur Sealy, and denies the allegations on that basis.  To the extent Paragraph 7 states a legal conclusion, no response is required.  To the

extent a response is required, Mattress Firm denies the remaining allegations in Paragraph 7.

8.     Mattress Firm admits that Tempur Sealy has competed with other brands for floor space at Mattress Firm.  Mattress Firm admits that Mattress Firm has never carried the brand referenced in the third sentence of Paragraph 8.  Mattress Firm also admits that Mattress Firm never stopped carrying the brand referenced in the fourth sentence of Paragraph 8 in the timeframe alleged.  Mattress Firm denies that Paragraph 8 of the Complaint accurately and/or completely characterizes the quoted documents and/or testimony.  Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 8 directed at Tempur Sealy, and denies the allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 8 to the extent those allegations are directed at Mattress Firm.

9.     To the extent that the allegations in Paragraph 9 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm denies the allegations in Paragraph 9.

10.     Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 10, and denies the allegations on that basis.

11.     Mattress Firm denies that ownership of the company could be used to successfully eliminate or block competition.  Mattress Firm states that the second sentence of Paragraph 11, including the term "premium mattress suppliers," is vague and ambiguous and denies the allegations in that sentence on that basis.  To the extent that the allegations

in Paragraph 11 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm denies the allegations in Paragraph 11.

12.　　Mattress Firm denies that there are "limited alternatives" in terms of retail sales channels for mattresses.  As noted above, there are thousands upon thousands of mattress retailers in the United States.  Mattress Firm accounts for only a fraction of mattress sales in the United States.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 12 directed at Tempur Sealy, and denies the allegations on that basis.  Mattress Firm states that the second and third sentences of Paragraph 12, including the terms "premium mattresses" and "premium mattress retailers," are vague and ambiguous and denies the allegations in those sentences on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 12 to the extent those allegations are directed at Mattress Firm.

13.　　The allegations in Paragraph 13 set forth legal conclusions and arguments to which no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 13 including the term "premium mattresses" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 13 and denies the remaining allegations on that basis.

14.　　Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 14 directed at Tempur Sealy, and denies the allegations on that basis.  To the extent that the allegations in Paragraph 14 set forth legal conclusions and arguments, no response is required.  To the extent a response is required,

Mattress Firm states that the allegations in Paragraph 14 including the terms "premium mattresses" and "premium mattress" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm denies the remaining allegations.

15.     Mattress Firm denies that the Proposed Acquisition is likely to result in competitive harm.  Mattress Firm further denies that the substantial package of commitments offered by Tempur Sealy would be insufficient to alleviate any purported competitive harm generated by the Proposed Acquisition.  To the extent the allegations in Paragraph 15 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 15 including the terms "premium mattresses" and "premium mattress" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm denies the remaining allegations in Paragraph 15.

16.     Paragraph 16 does not contain any factual allegations and therefore no response is required.  To the extent that Paragraph 16 contains allegations to which a response a required, Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 16, and denies the allegations on that basis, except admits that on July 2, 2024, the Commission initiated an administrative proceeding to determine the antitrust merits of the Proposed Acquisition, and that proceeding is currently ongoing.

17.     Paragraph 17 does not contain any factual allegations and therefore no response is required.  To the extent that Paragraph 17 contains allegations to which a response a required, Mattress Firm admits that the parties have stipulated to entry of a

temporary restraining order while the Court considers the FTC's application for a preliminary injunction, that under the temporary restraining order, Mattress Firm and Tempur Sealy cannot consummate the Proposed Acquisition before the Court enters a scheduling order or within 45 days of the parties' receipt of this Complaint, whichever comes first, and that the parties have agreed to engage in good faith negotiations to extend that temporary restraining order as part of negotiating a proposed scheduling order.

18.     The allegations in Paragraph 18 sets forth legal conclusions to which no response is required.

19.     The allegations in Paragraph 19 sets forth legal conclusions to which no response is required.

20.     The allegations in Paragraph 20 set forth  legal conclusions to which no response is required.

21.     The allegations in Paragraph 21 set forth legal conclusions to which no response is required.

22.     The allegation in Paragraph 22 sets forth a legal conclusion to which no response is required.

23.     The allegations in Paragraph 23 set forth legal conclusions to which no response is required.  To the extent that Paragraph 23 contains allegations to which a response a required, Mattress Firm denies the allegations.

24.     Mattress Firm admits that it is headquartered in Houston, Texas, and operates multiple stores in and around Houston.  Mattress Firm lacks knowledge or information

sufficient to admit or otherwise deny the allegations in Paragraph 24 directed at Tempur Sealy, and denies the allegations on that basis.

25.    The allegations in Paragraph 25 sets forth legal conclusions to which no response is required.

26.    The allegations in Paragraph 26 sets forth legal conclusions to which no response is required.

27.    Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 27 directed at Tempur Sealy, and denies the allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 27 to the extent those allegations are directed at Mattress Firm, except that Mattress Firm admits that Sherwood Bedding is one of the manufacturers of Mattress Firm's private-label mattresses.

28.    Mattress Firm admits that it is a privately owned mattress specialty retail chain headquartered in Houston, Texas.  Mattress Firm admits that its current size is approximately 2,300 stores.  Mattress Firm admits that it carries a range of mattress brands from multiple suppliers, including Tempur Sealy, Serta Simmons, Purple, Resident Home, Kingsdown, Inc. ("Kingsdown"), King Koil, and Spring Air International ("Spring Air"), as well as two of its own private-label brands, Sleepy's and Tulo.  Mattress Firm otherwise denies the remaining allegations in Paragraph 19.  To the extent Paragraph 28 is quoting from or otherwise characterizing documents produced by Mattress Firm, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

29.     Mattress Firm admits that Tempur Sealy and Mattress Firm entered into a merger agreement on May 9, 2023, and refers to the merger agreement for its complete content and context.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the remaining allegation in Paragraph 29 directed at Tempur Sealy, and denies the allegation on that basis.

30.     Mattress Firm admits that mattress suppliers sell mattresses to third-party retailers and, in many cases, directly to consumers.  Mattress Firm further admits that Tempur Sealy, Serta Simmons, and Sleep Number Corporation ("Sleep Number"), Casper, and Resident Home are mattress suppliers in the U.S.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the remaining allegations in Paragraph 30, and denies the allegations on that basis.

31.     Mattress Firm admits that mattresses are sold under different brand and product names, and that they come in a range of different sizes, thicknesses, firmness levels, and types.  Mattress Firm also admits that mattresses can be, among other things, innerspring, foam, hybrid and gel, and that the quality of mattresses can vary.  Mattress Firm further admits that quality within each type can vary.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the remaining allegations in Paragraph 31, and denies the allegations on that basis.

32.     Mattress Firm states that the allegations in Paragraph 32 including the terms "premium mattresses" and "premium mattress" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 32, and denies the allegations on that basis.

To the extent the allegations in Paragraph 32 set forth legal conclusions and arguments, no response is required.   To the extent a response is required, Mattress Firm denies the remaining allegations in Paragraph 32.

33.     Mattress Firm states that the first sentence of Paragraph 33, including the term "premium mattress," is vague and ambiguous and denies the allegations in that sentence on that basis.  Mattress Firm denies that any mattress suppliers must have access to brick-and-mortar retail floor space to reach consumers.  Mattress Firm admits that customers have varying mattress preferences.  Mattress Firm denies that Paragraph 33 of the Complaint accurately and/or completely characterizes the quoted documents and/or testimony.  Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.  To the extent the allegations in Paragraph 33 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the remaining allegations in Paragraph 33, and denies the allegations on that basis.

34.     Mattress Firm admits that sales associates can be helpful for customers shopping either online or in brick-and-mortar stores, but otherwise denies the allegations in the first and second sentences.  To the extent the allegations in Paragraph 34 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 34 including the term "premium mattresses," are vague and ambiguous and denies the allegations on that basis. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 34, and denies the remaining allegations on that basis.

35.     Mattress Firm states that the allegations in Paragraph 35 including the terms "premium mattresses" and "premium mattress" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm denies that brick-and-mortar floor space is required to sell any mattresses.  Mattress Firm admits that customers can purchase mattresses of all prices online through supplier websites and third-party retailers.  Mattress Firm further admits that customers can and do buy mattresses online.  Mattress Firm denies that Paragraph 35 of the Complaint accurately and/or completely characterizes the quoted documents and/or testimony.  Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.  To the extent the allegations in Paragraph 35 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm denies the remaining allegations in Paragraph 35.

36.     Mattress Firm states that the allegations in Paragraph 36 including the terms "premium mattresses" and "premium sales" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm denies that manufacturers have not been successful selling mattresses without a brick-and-mortar presence.  To the extent the allegations in Paragraph 36 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 36, and denies the allegations on that basis.

37.     Mattress Firm admits that floor space available for mattresses at each brick-and-mortar retailer is not infinite and that each retail store typically has a fixed number of slots available for mattresses, which are places on the floor where a mattress can be

displayed and tested.   Mattress Firm admits that suppliers may offer retailers various incentives to carry their mattresses.   Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the remaining allegations in Paragraph 37, and denies the allegations on that basis.

38.     Mattress Firm admits that Mattress Firm's contracts with mattress suppliers may include volume-based rebates and co-op payments.   Mattress Firm admits that a co-op payment commonly is structured as a fund paid by the supplier to the retailer on a recurring basis equal to a percentage of the retailer's purchases from the supplier, which the retailer can use to advertise the supplier's mattresses.   Mattress Firm notes the fourth sentence is not a factual allegation and requires no response.   Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the remaining allegations in Paragraph 38, and denies the allegations on that basis.

39.     Mattress Firm admits the allegations in the first sentence of Paragraph 39. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 39, and denies the allegations on that basis, except that Mattress Firm admits that Paragraph 39 purports to characterize a 2019 contract between Tempur Sealy and Mattress Firm.   To the extent the Complaint is quoting from or otherwise characterizing documents produced by Mattress Firm, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

40.     Mattress Firm states that the second to last sentence of Paragraph 40, including the term "premium mattress," is vague and ambiguous and denies the allegations in that sentence on that basis.   Mattress Firm denies that Paragraph 40 of the Complaint

accurately and/or completely characterizes the quoted documents and/or testimony. Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the remaining allegations in Paragraph 40, and denies the allegations on that basis.

41.     Mattress Firm admits that several new mattress suppliers, such as Casper and Purple, successfully entered the market as mattress suppliers, but Mattress Firm otherwise lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 41 directed at Tempur Sealy, and denies the allegations on that basis.  To the extent the allegations in Paragraph 41 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 41 including the term "premium mattress" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm denies the remaining allegations in Paragraph 41.

42.     Mattress Firm states that the allegations in Paragraph 42 including the term "premium mattress" are vague and ambiguous and denies the allegations on that basis. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 42 directed at Tempur Sealy, and denies the allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 42 to the extent those allegations are directed at Mattress Firm.

43.     Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 43 directed at Tempur Sealy, and denies the

allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 43 to the extent those allegations are directed at Mattress Firm.

44.     Mattress Firm admits that Serta Simmons is a U.S. mattress supplier that owns brands including Beautyrest, Serta, and Tuft & Needle, and that its brands come in a variety of types at a range of price points.  To the extent the allegations in Paragraph 44 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 44 including the term "premium mattress" are vague and ambiguous and denies the allegations on that basis. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the remaining allegations in Paragraph 44, and denies the allegations on that basis.

45.     Mattress Firm admits that Sleep Number is a vertically integrated U.S. mattress supplier.  To the extent the allegations in Paragraph 45 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm states that the last sentence of Paragraph 45 including the term "premium mattress" is vague and ambiguous and denies the allegations in that sentence on that basis.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the remaining allegations in Paragraph 45, and denies the allegations on that basis.

46.     Mattress Firm admits that Purple and Casper are two U.S. mattress suppliers. To the extent the allegations in Paragraph 46 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 46 including the term "premium mattress" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm lacks knowledge or

information sufficient to admit or otherwise deny the allegations in Paragraph 46, and further denies the allegations on that basis.

47.    Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 47, and denies the allegations on that basis.

48.    Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 48, and denies the allegations on that basis.

49.    Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 49, and denies the allegations on that basis.

50.    Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 50, and denies the allegations on that basis.

51.    Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 51, and denies the allegations on that basis.

52.    Mattress Firm denies that its retail footprint "dwarfs" that of all other mattress specialty retailers and furniture stores.  Mattress Firm states that the second sentence of Paragraph 52, including the term "premium mattress," is vague and ambiguous and further denies the allegations in that sentence on that basis.  Mattress Firm denies that it is a critical retail channel, and many mattress suppliers have flourished without being carried by Mattress Firm.  Mattress Firm does not have knowledge or information sufficient to admit or otherwise deny allegations regarding Mattress Firm's effect on Purple's sales, but Mattress Firm understands that Purple's sales were trending upward prior to its placement at Mattress Firm.  Mattress Firm denies that Paragraph 52 of the Complaint accurately and/or completely characterizes the quoted documents and/or testimony.

Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 52 directed at Tempur Sealy, and denies the allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 43 to the extent those allegations are directed at Mattress Firm.

53.     Mattress Firm denies the allegations in the first and second sentences of Paragraph 53.  Mattress Firm admits that is has acquired at least 13 other mattress retailers since 2010.  Mattress Firm further admits that it acquired Sleepy's in 2016 adding more than 1,000 stores.  Mattress Firm denies that its growth is solely the product of these acquisitions.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the remaining allegations in Paragraph 53, and denies the allegations on that basis.

54.     Mattress Firm states that the first and last sentences of Paragraph 54, including the term "premium mattress," are vague and ambiguous and denies the allegations in those sentences on that basis.  Mattress Firm denies the allegations in the third sentence of Paragraph 54.  Mattress Firm states that the term "significant" is vague and ambiguous.  Mattress Firm denies that it is by far the most significant route to market for mattress suppliers; there are thousands and thousands of brick-and-mortar stores in the U.S. that sell mattresses, including many large retail chains with national footprints. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations directed at Tempur Sealy in Paragraph 54, and denies the allegations on that

basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 54 to the extent they are directed at Mattress Firm.

55.     Mattress Firm denies that any mattress suppliers are "dependent" upon Mattress Firm.  Mattress Firm states that the first and last sentences of Paragraph 55, including the term "premium mattress," are vague and ambiguous and denies the allegations in those sentences on that basis.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 55, and denies the remaining allegations on that basis.

56.     Mattress Firm denies the allegation in the first sentence of Paragraph 56. Mattress Firm admits that Mattress Warehouse, Mancini's Sleepworld and Denver Mattress are multi-vendor mattress specialty retailers.  Mattress Firm denies that these stores have only a "limited" presence.  In some cases, regional players may offer greater store density than Mattress Firm.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the remaining allegations in Paragraph 56, and denies the allegations on that basis.

57.     Mattress Firm admits that it commenced bankruptcy proceedings in 2018. Mattress Firm states that the first sentence of Paragraph 57, including the term "premium mattress," is vague and ambiguous and denies the allegations in that sentence on that basis. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 57 directed at Tempur Sealy, and denies the allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 57 to the extent they are directed at Mattress Firm.

58. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 58 directed at Tempur Sealy, and denies the allegations on that basis. Mattress Firm otherwise denies the remaining allegations in Paragraph 58 to the extent they are directed at Mattress Firm. To the extent the Complaint is quoting from or otherwise characterizing documents produced by Mattress Firm, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

59. Mattress Firm admits that it began selling Purple's mattresses in 2017 and that Purple's mattresses were initially deployed to the approximate number of stores alleged. Mattress Firm otherwise denies the allegations in the first and second sentences of Paragraph 59. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny allegations regarding its effect on Purple's sales, but Mattress Firm understands that Purple's sales were trending upward prior to the its placement at Mattress Firm. Mattress Firm states that the third sentence of Paragraph 59, including the term "premium mattress," is vague and ambiguous and denies the allegations in that sentence on that basis. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the remaining allegations in Paragraph 59, and denies the allegations on that basis. To the extent the Complaint is quoting from or otherwise characterizing documents produced by the parties, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

60. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 60 directed at Tempur Sealy, and denies the

allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 60 to the extent they are directed at Mattress Firm.  To the extent the Complaint is quoting from or otherwise characterizing documents produced by Mattress Firm, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

61.     Mattress Firm admits that Tempur Sealy asked Mattress Firm not to floor the brand named in Paragraph 61 in the context of the cooperative agreement.  Mattress Firm denies that Paragraph 61 of the Complaint accurately and/or completely characterizes the quoted documents and/or testimony.  To the extent the Complaint is quoting from or otherwise characterizing documents produced by the parties, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

62.     Mattress Firm states that the first sentence of Paragraph 62, including the term "premium mattress," is vague and ambiguous and denies the allegations in that sentence on that basis.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 62 directed at Tempur Sealy, and denies the allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 62 to the extent they are directed at Mattress Firm.

63.     Mattress Firm admits that it resumed receiving supply from Tempur Sealy in 2019.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the remaining allegations in Paragraph 63 directed at Tempur Sealy, and denies the allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 63 to the extent they are directed at Mattress Firm.

64.     Mattress Firm admits that it did not remove the brands referenced in Paragraph 64 from its stores in 2019.  Mattress Firm states that the second sentence of Paragraph 64, including the term "premium mattress," is vague and ambiguous and denies the allegations in that sentence on that basis.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 64 directed at Tempur Sealy, and denies the allegations on that basis.  To the extent the Complaint is quoting from or otherwise characterizing documents produced by Mattress Firm, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

65.     Mattress Firm admits that it did not remove the brand referenced in Paragraph 65 from its stores in 2021.  Mattress Firm admits that it sought investments in its retail stores from Tempur Sealy.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 65 directed at Tempur Sealy, and denies the allegations on that basis.  To the extent the Complaint is quoting from or otherwise characterizing documents produced by the parties, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

66.     Mattress Firm admits that in 2020 it did not sell the brand referenced in Paragraph 66.  Mattress Firm denies that Paragraph 66 of the Complaint accurately and/or completely characterizes the quoted documents and/or testimony.  Mattress Firm respectfully refers to those documents and testimony for a full and accurate statement of their contents.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 66 directed at Tempur Sealy, and denies the

allegations on that basis.  To the extent the Complaint is quoting from or otherwise characterizing documents produced by the parties, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

67.    Mattress Firm admits that in 2020 it did not sell the brand referenced in Paragraph 67.  Mattress Firm denies that Paragraph 67 of the Complaint accurately and/or completely characterizes the quoted documents and/or testimony.  Mattress Firm respectfully refers to those documents and testimony for a full and accurate statement of their contents.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 67 directed at Tempur Sealy, and denies the allegations on that basis.

68.    Mattress Firm admits that the brand referenced in Paragraph 68 found success without having partnered with Mattress Firm, and has since been unwilling to partner with Mattress Firm.  Mattress Firm denies that Paragraph 68 of the Complaint accurately and/or completely characterizes the quoted documents and/or testimony. Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny allegations in Paragraph 68 directed at Tempur Sealy, and denies the allegations on that basis.

69.    The allegations in Paragraph 69 set forth legal conclusions and arguments to which no response is required.  To the extent a response is required, Mattress Firm states that the last sentence of Paragraph 69, including the term "premium mattresses," is vague

and ambiguous and denies the allegations in that sentence on that basis.  Mattress Firm denies the remaining allegations in Paragraph 69.

70.     The allegations in Paragraph 70 set forth legal conclusions and arguments to which no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 70 including the terms "premium mattresses" and "premium mattress" are vague and ambiguous and denies the allegations on that basis. Mattress Firm denies the allegations in Paragraph 70.

71.     To the extent the allegations in Paragraph 71 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 71 including the term "premium mattresses" are vague and ambiguous and denies the allegations on that basis.

72.     To the extent the allegations in Paragraph 72 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 72 including the terms "premium mattresses" and "premium mattress" are vague and ambiguous and denies the allegations on that basis. Mattress Firm denies the allegations in Paragraph 72.

73.     Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny allegations in Paragraph 73 directed at Tempur Sealy, and denies the allegations on that basis.  To the extent the allegations in Paragraph 73 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 73 including the terms "premium

mattresses" and "premium mattress" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm denies the remaining allegations in Paragraph 73.

74.     To the extent the allegations in Paragraph 74 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 74 including the term "premium mattresses" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 74, and denies the remaining allegations on that basis.

75.     Mattress Firm denies the allegation in the first sentence Paragraph 75. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny allegations in Paragraph 75 directed at Tempur Sealy, and denies the allegations on that basis.  To the extent the allegations in Paragraph 75 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 75 including the terms "premium mattresses" and "premium mattress" are vague and ambiguous and denies the allegations on that basis. Mattress Firm denies the remaining allegations in Paragraph 75.

76.     To the extent the allegations in Paragraph 76 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 76 including the term "premium mattress" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny allegations in Paragraph 76, and further denies the allegations on that basis.

77.     Mattress Firm denies that it does not compete with vendors such as big box retailers and online retailers for the sale of all kinds of mattresses.  Mattress Firm states that the first sentence of Paragraph 77, including the term "premium mattress," is vague and ambiguous and denies the allegations in that sentence on that basis.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny allegations in Paragraph 77, and denies the allegations on that basis.

78.     Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny allegations in Paragraph 78 directed at Tempur Sealy, and denies the allegations on that basis.  To the extent the allegations in Paragraph 78 set forth legal conclusions and arguments, no response is required.  To the extent that a response is required, Mattress Firm denies the allegations in Paragraph 78.

79.     Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny allegations in Paragraph 79 directed at Tempur Sealy, and denies the allegations on that basis.  To the extent the allegations in Paragraph 79 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 79 including the term "premium mattress" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm denies the remaining allegations in Paragraph 79.  To the extent the Complaint is quoting from or otherwise characterizing documents produced by the parties, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

80.     Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 80 directed at Tempur Sealy, and denies the

allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 80 to the extent those allegations are directed at Mattress Firm.

81.     Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 81 directed at Tempur Sealy, and denies the allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 81 to the extent those allegations are directed at Mattress Firm.

82.     Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 82 directed at Tempur Sealy, and denies the allegations on that basis.  To the extent, Paragraph 82 sets forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm denies the remaining allegations in Paragraph 82.  To the extent the Complaint is quoting from or otherwise characterizing documents produced by Mattress Firm, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

83.     Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 83 directed at Tempur Sealy, and denies the allegations on that basis.  To the extent Paragraph 83 sets forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm denies the remaining allegations in  Paragraph 83.

84.     Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 84 directed at Tempur Sealy, and denies the allegations on that basis.  To the extent, Paragraph 84 sets forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm

denies the allegations in Paragraph 84.  To the extent the Complaint is quoting from or otherwise characterizing documents produced by the parties, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

85.     Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 85 directed at Tempur Sealy, and denies the allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 85 to the extent those allegations are directed at Mattress Firm.

86.     Mattress Firm denies the allegations in the first and last sentences of Paragraph 86.  Mattress Firm states that the allegations in Paragraph 86 including the term "premium mattresses" and "premium mattress" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 86, and further denies the allegations on that basis.

87.     Mattress Firm denies the allegations in Paragraph 87.  To the extent the Complaint is quoting from or otherwise characterizing documents and/or testimony produced by the parties, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

88.     Mattress Firm admits that it has worked closely with certain mattress manufacturers to help them develop new mattress products and refine existing products.  Mattress Firm denies the allegations in Paragraph 88.  To the extent the Complaint is quoting from or otherwise characterizing documents and/or testimony produced by

Mattress Firm, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

89.     Mattress Firm states that the second sentence of Paragraph 89, including the term "premium mattress," is vague and ambiguous and denies the allegations in that sentence on that basis.  Mattress Firm denies the remaining allegations in Paragraph 89.

90.     Mattress Firm denies that the allegation in the first sentence of Paragraph 90. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the remaining allegations in Paragraph 90, and denies the allegations on that basis.  To the extent the Complaint is quoting from or otherwise characterizing documents produced by Mattress Firm, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

91.     Mattress Firm states that the allegations in Paragraph 91 including the terms "premium mattresses" and "premium mattress" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm denies the remaining allegations in Paragraph 91.

92.     Mattress Firm states that the allegations in Paragraph 92 including the terms "premium mattresses" and "premium mattress" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 92, and denies the remaining allegations on that basis.

93.     Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 93 directed at Tempur Sealy, and denies the

allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 93 to the extent those allegations are directed at Mattress Firm.

94.     Mattress Firm denies that there are no retailers with "anywhere near Mattress Firm's premium mattress unit sales".  Mattress Firm denies that loss of access to Mattress Firm "could prove devastating"; many mattress suppliers have thrived without selling their mattresses through Mattress Firm.  Mattress Firm states that the allegations in Paragraph 94 including the term "premium mattress" are vague and ambiguous and further denies the allegations on that basis.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 94, and denies the allegations on that basis.

95.     Mattress Firm states that the allegations in Paragraph 95 including the term "premium mattress" are vague and ambiguous and further denies the allegations on that basis.  Mattress Firm denies that building a network of retail stores is costly and time consuming.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 95, and denies the allegations on that basis.

96.     Mattress Firm states that the allegations in Paragraph 96 including the term "premium mattress" are vague and ambiguous and denies the allegations on that basis. Mattress Firm further denies the allegations in Paragraph 96.

97.     Mattress Firm admits that it did not have a supply relationship with Tempur Sealy from April 2017 through October 2019.   Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the remaining allegations in Paragraph 97 directed at Tempur Sealy, and denies the allegations on that basis.  Mattress Firm

otherwise denies the remaining allegations in Paragraph 97 to the extent those allegations are directed at Mattress Firm.

98.     Mattress Firm denies the first sentence of Paragraph 98.  Mattress Firm states that the first and third sentences of Paragraph 98, including the term "premium mattress," is vague and ambiguous and further denies the allegations in those sentences on that basis. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 98, and denies the remaining allegations on that basis.

99.     The first sentence of Paragraph 99 sets forth a legal conclusion and argument to which no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 99 including the term "premium mattress" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the remaining allegations in Paragraph 99 directed at Tempur Sealy, and denies the allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 99 to the extent those allegations are directed at Mattress Firm.

100.    Mattress Firm states that the allegations in Paragraph 100 including the term "premium mattress" are vague and ambiguous and denies the allegations on that basis. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 100 directed at Tempur Sealy, and denies the allegations on that basis.  To the extent that the allegations in Paragraph 100 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm denies the allegations in Paragraph 100.

101.    Mattress Firm admits that it sells Serta Simmons and Purple mattresses. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 101 directed at Tempur Sealy, and denies the allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 101 to the extent those allegations are directed at Mattress Firm.

102.    Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 102 directed at Tempur Sealy, and denies the allegations on that basis.

103.    Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 103 directed at Tempur Sealy, and denies the allegations on that basis.  To the extent the allegations in Paragraph 103 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 103 including the term "premium mattress" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm denies the remaining allegations in Paragraph 103.

104.    Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 104 directed at Tempur Sealy, and denies the allegations on that basis.  To the extent the allegations in Paragraph 104 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm denies the allegations in Paragraph 104.

105.    Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 105, and denies the allegations on that basis.

To the extent the Complaint is quoting from or otherwise characterizing documents produced by Mattress Firm, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

106. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 106 directed at Tempur Sealy, and denies the allegations on that basis. Mattress Firm otherwise denies the remaining allegations in Paragraph 106 to the extent those allegations are directed at Mattress Firm.

107. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 107 directed at Tempur Sealy, and denies the allegations on that basis. Mattress Firm otherwise denies the remaining allegations in Paragraph 107 to the extent those allegations are directed at Mattress Firm.

108. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 108 directed at Tempur Sealy, and denies the allegations on that basis. Mattress Firm otherwise denies the remaining allegations in Paragraph 108 to the extent those allegations are directed at Mattress Firm.

109. Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 109 directed at Tempur Sealy, and denies the allegations on that basis. Mattress Firm otherwise denies the remaining allegations in Paragraph 109 to the extent those allegations are directed at Mattress Firm.

110. The allegations in Paragraph 110 set forth legal conclusions and arguments to which no response is required. To the extent a response is required, Mattress Firm denies the allegations in Paragraph 110.

111.    Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 111 directed at Tempur Sealy, and denies the allegations on that basis.  Mattress Firm otherwise denies the remaining allegations in Paragraph 111 to the extent those allegations are directed at Mattress Firm.  To the extent the Complaint is quoting from or otherwise characterizing documents produced by Mattress Firm, Mattress Firm respectfully refers to those documents for a full and accurate statement of their contents.

112.    Mattress Firm denies that post-acquisition the "combined firm's market power would be substantial."  Mattress Firm denies that the "combined firm would also be able to leverage its strengths to undermine competition."  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 112 directed at Tempur Sealy, and denies the allegations on that basis.  To the extent the allegations in Paragraph 112 sets forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 112 including the term "premium mattress" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm denies the remaining allegations in Paragraph 112.

113.    Mattress Firm denies that Paragraph 113 of the Complaint accurately and/or completely characterizes the quoted documents and/or testimony.  Mattress Firm respectfully refers to those documents and/or testimony for a full and accurate statement of their contents.  The allegations in Paragraph 113 set forth legal conclusions and

arguments to which no response is required.  To the extent a response is required, Mattress Firm denies the allegations in Paragraph 113.

114.    Mattress Firm denies the allegation in the first and third sentences of Paragraph 114.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the remaining allegations in Paragraph 114, and denies the allegations on that basis.

115.    Mattress Firm denies that Paragraph 115 of the Complaint accurately and/or completely characterizes the quoted documents and/or testimony.    Mattress Firm respectfully refers to those documents and/or testimony for a full and accurate statement of their contents.  Mattress Firm denies the allegation in the first sentence of Paragraph 115.  Mattress Firm states that the first and last sentences of Paragraph 115, including the term "premium mattress," are vague and ambiguous and further denies the allegations in those sentences on that basis.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 115 directed at Tempur Sealy, and denies the allegations on that basis.   Mattress Firm otherwise denies the remaining allegations in Paragraph 115 to the extent those allegations are directed at Mattress Firm.

116.    Mattress Firm denies that "barriers to entry are high for premium mattress suppliers as well as large-scale brick-and-mortar mattress retailers."  The allegations in Paragraph 116 set forth legal conclusions and arguments to which no response is required.  To the extent a response is required, Mattress Firm states that the first sentence of Paragraph 116, including the term "premium mattress," is vague and ambiguous and further denies the allegations in that sentence on that basis.  Mattress Firm lacks knowledge

or information sufficient to admit or otherwise deny the allegations in Paragraph 116, and denies the remaining allegations on that basis.

117.    The allegations in Paragraph 117 set forth legal conclusions and arguments to which no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 117 including the term "premium mattresses" are vague and ambiguous and denies the allegations on that basis.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 117, and further denies the allegations on that basis.

118.    The allegation in Paragraph 118 sets forth a legal conclusion and argument to which no response is required.  To the extent a response is required, Mattress Firm states that the allegations in Paragraph 118, including the term "premium mattress," are vague and ambiguous and denies the allegations on that basis.  Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegation in Paragraph 118, and denies the remaining allegations on that basis.

119.    Mattress Firm denies that the barriers for a mattress retailer or supplier to establish a sizable brick-and-mortar retail store network are high.  The allegations in Paragraph 119 set forth legal conclusions and arguments to which no response is required. To the extent a response is required, Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 119, and denies the allegations on that basis.

120.    Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 120, and denies the allegations on that basis.

121.    Mattress Firm denies that the Proposed Acquisition may substantially lessen competition or tend to create a monopoly in the relevant market.  The allegations in Paragraph 121 set forth legal conclusions and arguments to which no response is required. To the extent a response is required, Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 121, and denies the allegations on that basis.

122.    The allegations in Paragraph 122 set forth legal conclusions and arguments to which no response is required.  To the extent a response is required, Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 122, and denies the allegations on that basis.

123.    Mattress Firm understands that Tempur Sealy has made several commitments to the Commission and various market participants in relation to the Proposed Acquisition.   The remaining allegations in Paragraph 123 set forth legal conclusions and arguments to which no response is required.  To the extent a response is required, Mattress Firm denies the remaining allegations in Paragraph 123.

124.    Mattress Firm lacks knowledge or information sufficient to admit or otherwise deny the allegations in Paragraph 124 directed at Tempur Sealy, and denies the allegations on that basis.  To the extent the allegations in Paragraph 124 set forth legal conclusions and arguments, no response is required.  To the extent a response is required, Mattress Firm denies the remaining allegations in Paragraph 124.

125.    The allegations in Paragraph 125 set forth legal conclusions and arguments to which no response is required.  To the extent a response is required, Mattress Firm denies the allegations in Paragraph 125.

126.    The allegations in Paragraph 126 set forth legal conclusions and arguments to which no response is required.  To the extent a response is required, Mattress Firm denies the allegations in Paragraph 126.

127.    The allegations in Paragraph 127 set forth legal conclusions and arguments to which no response is required.  To the extent a response is required, Mattress Firm denies the allegations in Paragraph 127.

128.    The allegations in Paragraph 127 set forth legal conclusions and arguments to which no response is required.  To the extent a response is required, Mattress Firm denies the allegations in Paragraph 127.

129.    The allegation in Paragraph 129 sets forth a legal conclusion and argument to which no response is required.  To the extent a response is required, Mattress Firm denies the allegation in Paragraph 129, and further denies that the requested relief is permitted or appropriate.

## <u>DEFENSES</u>

1.  Without assuming the burden of proof that it would otherwise not bear under applicable law, Mattress Firm asserts the following defense: The Complaint fails to state a claim upon which relief can be granted, including because:

    a.  The Complaint fails to allege a valid product market, including because the Complaint lacks a cogent definition of "premium" mattresses.

b.  The Complaint fails to allege a valid geographic market, including because the Complaint apparently fails to account for imported mattresses sold in the United States.

c.  The Complaint fails to allege that the proposed transaction will plausibly harm consumers or competition, including because the Complaint fails to plausibly allege that Defendants exercise market power, fails to identify Mattress Firm's market share, fails to account for alternative means of distribution, fails to account for Defendants' voluntary commitments, and fails to account for the fact that new entry and expansion by competitors can be timely, likely, and sufficient.

2.  Granting the relief sought is inequitable and contrary to the public interest.

3.  Mattress Firm reserves the right to assert and rely upon any other defenses that may become available or known to Mattress Firm throughout the course of this action, and to amend, or seek to amend, its answer or defenses.

## **PRAYER FOR RELIEF**

Mattress Firm respectfully requests that the Court:

A.  Dismiss the Complaint with prejudice;

B.  Deny the Commission's requested relief;

C.  Award to Mattress Firm the costs incurred in defending this action, including expert's fees and reasonable attorney's fees;

D.  Provide any and all further relief as the Court may deem just and proper.

Dated: July 23, 2024

Respectfully submitted,

<u>/s/ N. Preston Miller *(by permission of attorney-in-charge)*</u>
Sara Y. Razi (*pro hac vice* pending)
Attorney-in-Charge
DC Bar No. 473647
N. Preston Miller (admitted *pro hac vice*)
D.C. Bar No. 1021557
Lindsey C. Bohl (admitted *pro hac vice*)
D.C. Bar No. 1030505
Avia Gridi (*pro hac vice* pending)
D.C. Bar No. 1740446
Geoffrey I. Schmelkin (*pro hac vice* pending)
D.C. Bar No. 90001328
SIMPSON THACHER & BARTLETT LLP
900 G Street, N.W.
Washington, D.C. 20001
Tel: (202) 636-5500
Fax: (202) 636-5502
sara.razi@stblaw.com
preston.miller@stblaw.com
lindsey.bohl@stblaw.com
avia.gridi@stblaw.com
geoffrey.schmelkin@stblaw.com

*Counsel for Defendant*
*Mattress Firm Group Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 23, 2024, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system, which will send a notice of electronic

filing to all counsel of record.

By: *<u>/s/ N. Preston Miller (by permission of</u>*
*<u>attorney-in-charge)</u>*