United States District Court
Southern District of Texas
**ENTERED**
August 21, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § § | CIVIL ACTION NO 4:24-cv-02508 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| TEMPUR SEALY INTERNATIONAL INC and MATTRESS FIRM GROUP INC, | § § § § § | |
| Defendants. | § | |

## MINUTE ENTRY AND ORDER

Minute entry for STATUS CONFERENCE before Judge Charles Eskridge on August 19, 2024. All parties present and represented by counsel.

1. Initial matters

The Court identified objections and responses to subpoena by third parties E.S. Kluft & Company, Inc, Serta Simmons Bedding, LLC, and Sleep Number Corporation. Dkts 75, 76 & 77. The parties confirmed no issue is currently ripe for decision by the Court.

The Court addressed the subject of local counsel. It was suggested that Plaintiff Federal Trade Commission confer with the US Attorney's Office in the Southern District of Texas to ensure a local attorney is available as necessary. It was likewise suggested that Defendant Mattress Firm Group Inc obtain local counsel.

2. Scheduling and docket control order

The Court addressed the scheduling and docket control order. Dkt 57.

The parties' requested amendment to the scheduling and docket control order was GRANTED AS MODIFIED. Dkt 46-1.

The deadline for responses to motions under Federal Rule of Evidence 702 was REVISED to November 7, 2024.

Evidentiary hearing was REVISED to begin November 12, 2024. The Court is reserving the potential for ten trial days.

A revised scheduling order will enter separately.

A status conference was SET for September 25, 2024, at 2:30 pm in Courtroom 9F.

The parties were ORDERED to confer and propose a date for an additional conference after 3:30 pm during the week of September 9, 2024.

3. Joint discovery and case management plan

The Court addressed the joint discovery and case management plan. Dkt 46.

*As to the first disputed issue,* it was ORDERED that the deadlines for document production proposed by FTC—substantial compliance within 28 days of service, and no later than 7 days before a deponent's deposition—should be treated as good-faith targets. The parties may bring disputes to the Court as needed. See id at 6–8.

*As to the second disputed issue,* it was ORDERED that depositions will proceed in person, but that the parties must confer in good faith as to depositions that may reasonably be taken remotely. The parties must travel to depose third parties at a location reasonably convenient to the witness. See id at 10–14.

*As to the third disputed issue,* it was ORDERED that the parties confer as to the amount of time reasonably needed for deposition of third parties Purple and Serta. The Court observed that more than 7 hours for certain witness depositions could be justified, with such depositions perhaps proceeding for 5 hours per day for 2 days. The parties may bring disputes to the Court as needed. See id at 14–18.

*As to the fourth disputed issue,* final witness lists were LIMITED to twenty witnesses per side. The parties were ORDERED to confer and agree on a procedure for advance notice during trial as to which witnesses will testify each day. See id at 31–35.

*As to the fifth disputed issue,* it was ORDERED that exhibits be limited only to those intended in good faith to be used at evidentiary hearing, with the number of exhibits not otherwise limited. The parties should refer to Court Procedure 22 for use and admission of exhibits at trial. See Dkt 46 at 35–40.

*As to the sixth disputed issue,* it was ORDERED that, for use in this action of investigational hearings prior to this action, the FTC must provide deposition designations. For depositions taken as part of this action, deposition designations for witnesses who do not appear live at hearing were LIMITED to ten per side. The parties may request additional deposition designations upon showing of reasonable need. The parties should follow Court Procedure 24 as to deposition designations. See Dkt 46 at 40–45.

Post-hearing briefing was ELIMINATED without prejudice to the parties requesting additional briefing after the close of evidence, if necessary. See id at 29.

4. Discovery

The Court addressed the status of discovery. The parties confirmed that all requests for written discovery and subpoenas have been issued.

The parties were advised that they should follow Court Procedure 15 for any discovery disputes. Any such dispute will be addressed promptly.

It was ORDERED that the parties meet and confer as to the scope of Rule 30(b)(6) deposition of FTC. The parties may bring disputes to the Court as needed.

The parties noted no disputes as to privilege logs.

5. Concluding matters

The parties should continue to confer in good faith regarding discovery and settlement.

SO ORDERED.

Signed on August 20, 2024, at Houston, Texas.

*[signature: Chas R Eskridge III]*
Hon. Charles Eskridge
United States District Judge