# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>TEMPUR SEALY INTERNATIONAL, INC.<br><br>and<br><br>MATTRESS FIRM GROUP INC.,<br><br>　　　　　　　　　Defendants. | **Case No.:** 4:24-cv-02508<br><br>JUDGE CHARLES ESKRIDGE |

**PLAINTIFF FEDERAL TRADE COMMISSION'S UNOPPOSED MOTION TO FILE PORTIONS OF THE MOTION FOR A PRELIMINARY INJUNCTION TEMPORARILY UNDER SEAL**

Plaintiff Federal Trade Commission (the "FTC") respectfully moves the Court for permission, pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Section 12(b) of the Court's Procedures, to file portions of the Motion and Brief in Support of Motion For Preliminary Injunction ("Motion for Preliminary Injunction") temporarily under seal to provide Defendants and any interested parties the opportunity to seek appropriate longer-term protections from the Court for their confidential information contained within the Motion for Preliminary Injunction.

A Proposed Order is attached as Exhibit A. Defendants do not oppose this motion.

## I.  Nature and Stage of Proceedings

The FTC filed its Complaint in this action on July 2, 2024. ECF No. 1. On July 16, 2024, the Court entered the Parties' Stipulated Protective Order Governing Confidentiality. ECF No. 43 ("Protective Order"). In accordance with this Court's Amended Scheduling Order, ECF No. 107, the FTC has prepared a Motion for Preliminary Injunction, portions of which it hereby seeks to file temporarily under seal pursuant to the Protective Order.

The FTC proposes that Defendants and interested parties, whose information is being offered under seal pursuant to the Protective Order, be granted until four days after the completion of all filings connected to the Motion for Preliminary Injunction to seek longer-term protections from this Court for their confidential materials contained within the Motion for Preliminary Injunction.

## II.  Statement of Facts

The FTC's Motion for Preliminary Injunction references and attaches testimony and documents that have been designated in discovery as "Confidential" by Defendants or third parties. Under the Protective Order, Confidential Material is only permitted to be disclosed to certain categories of people, including the Court and personnel assisting the Court, the FTC and its experts or consultants, and outside counsel representing the Defendants and their experts and consultants. ECF No. 43, ¶ 7. When such Confidential Material is contained in any motion being filed with the Court, the Protective Order further requires

the Parties to inform the Court that the filing contains Confidential Material and file such papers under seal. ECF No. 43, ¶ 10.

### III. Statement of Issues

Whether portions of the Motion for Preliminary Injunction and the exhibits attached to the Motion for Preliminary Injunction concurrently filed herewith should be filed under seal.

### IV. Legal Authority

Although the public has a presumptive right of access to judicial records such as complaints, district courts have discretion to place information under seal in light of the relevant facts and circumstances of the particular case. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.,* 913 F.3d 443, 450 (5th Cir. 2019); *see also* Court Procedures of Hon. Charles R. Eskridge III Section 12(b) ("A presumption exists as to public access to judicial records. The filing of any pleading, brief, or supporting material under seal is disfavored."). To assess requests for under-seal treatment, courts in this circuit undertake a line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure. *See Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021).

### V. Argument

Under the Protective Order, the Parties and any non-parties may designate documents produced in response to discovery requests, disclosure requirements, discovery demands, or subpoenas, in whole or in part, as "Confidential Material." ECF No. 43, ¶ 3.

Such a designation constitutes a good faith representation that the material contains privileged information, competitively sensitive information, or sensitive personal information that is not reasonably believed to be already in the public domain.  ECF No. 43, ¶¶ 1, 5.

Based on the Defendants' and non-parties' designations of materials referenced in and submitted as exhibits to the FTC's Motion for Preliminary Injunction as Confidential, the FTC is filing the current motion to request that these materials and references to them be filed temporarily under seal to give the Defendants and any interested parties an opportunity to assess whether they want to continue asserting confidentiality over these materials in the context of the Motion for Preliminary Injunction.  The FTC has attempted to limit its requests for sealing through meeting and conferring with third parties in an effort to minimize redactions.

Pursuant to the Protective Order, any party seeking to file under seal any pleading, brief, or supporting material containing Confidential Material must obtain permission of the Court.  ECF No. 43, ¶ 10.  Both the Protective Order and the Court's Procedures express a preference for redactions as opposed to wholesale sealing.  ECF No. 43, ¶ 10; Section 12(b) of the Court's Procedures.

The FTC thus seeks to maintain under seal the portions of the Motion for Preliminary Injunction and accompanying exhibits that contain Defendants' and third parties' information that they have designated as "Confidential" and for which they

continue to assert protections under the Protective Order until such time as Defendants and any interested parties are able to seek appropriate safeguards from this Court. The FTC's request is narrowly tailored to protect the public's interest in access to public records while fulfilling the terms of the Protective Order.

## VI. Conclusion

For the foregoing reasons, the FTC respectfully requests that the Court grant this Motion, file the Motion for Preliminary Injunction and accompanying exhibits temporarily under seal, file the partially redacted version of the Motion for Preliminary Injunction and accompanying exhibits on the public docket, and provide Defendants and any other interested parties until November 8, 2024, four days after the last day of the briefing of the Motion for Preliminary Injunction, to file submissions in support of or opposition to further maintaining redacted portions of the Motion for Preliminary Injunction and accompanying exhibits under seal.

Dated:   October 4, 2024               Respectfully submitted,

*/s/ Allyson M. Maltas*
Allyson M. Maltas
Attorney-in-Charge
DC Bar No. 494566 *(Pro Hac Vice)*
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.: (202) 326-3646
Email: amaltas@ftc.gov
*Counsel for Plaintiff*
*Federal Trade Commission*

5

## CERTIFICATE OF WORD COUNT

Pursuant to this Court's Rule 18(c), I certify that the motion contains 944 words excluding the case caption, signature block, and certificates.

*/s/ Allyson M. Maltas*
Allyson M. Maltas
Attorney-in-Charge

## CERTIFICATE OF CONFERENCE

Pursuant to Section 17(a) of the Court's Procedures, I hereby certify that on October 3rd, 2024, the FTC met and conferred with Defendants regarding its intended Motion to Seal. Defendants do not oppose the filing of this Motion.

*/s/ Allyson M. Maltas*
Allyson M. Maltas
Attorney-in-Charge

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on all counsel of record who have appeared in this matter via the Court's CM/ECF system on October 4th, 2024.

*/s/ Allyson M. Maltas*
Allyson M. Maltas
Attorney-in-Charge
