**Jennelle Gonzalez**

| | |
|---|---|
| **From:** | Jennelle Gonzalez |
| **Sent:** | Sunday, December 29, 2024 2:48 PM |
| **To:** | Maltas, Allyson; Sara.Razi@stblaw.com; Shores, Ryan; aroberts_beckredden.com; Michelle Gray; Miller, Noel |
| **Subject:** | Fw: FTC v. Tempur Sealy and Mattress Firm |

Good afternoon,

Judge Eskridge asked that I forward this email directly to you all for consideration. Thank you

Get Outlook for iOS

---

**From:** Charles Eskridge
**Subject:** RE: FTC v. Tempur Sealy and Mattress Firm

Counsel,

I have reviewed the below email along with the notice and attachments filed by Defendants on December 27th. Dkt 484. Due to holidays and the shortness of time, I am responding directly. This email "so orders" a number of points, and so it will be docketed on the record.

Having reviewed this material, it is **ORDERED** as follows:

1. The notice and its materials will be considered. They are factual and supplementary to points that the parties have discovered and briefed in these proceedings. That said, legal points remain at issue, including the extent of the commitment's binding and enforceable nature.

2. A reply will thus also be allowed by January 8th, as requested. In addition to any points the FTC wishes to make in its response by its intended date of January 3rd, it should also address its position as to (i) whether, how, and where the submitted commitment could later be judicially or administratively considered upon any assertion of a violation, and (ii) the sufficiency of the stated duration of the commitment. Defendants' notice doesn't address those specifically, and so their views on reply as to those and other points in the FTC's response are in order.

3. The Court notes assertion that the FTC during these proceedings "never identified what sort of slot commitment would resolve its concerns," and that it "again refused to identify what would be satisfactory" when Defendants previewed the current slot commitment in advance of filing. Dkt 484 at 3, 4. Perhaps there are none, and the FTC is certainly entitled to maintain whatever position it wishes. But to be clear, to the extent that implies a request for action, the Court doesn't believe it is appropriate to order the FTC to specify and state anything in that regard.

4. However, it is within this Court's purview to ascertain that the appropriate person or persons with full authority to maintain or withdraw further challenge in this matter, if so inclined, have been advised of Defendants' notice and attachments. It is thus **ORDERED** that the FTC file an additional statement by January 10th stating (i) the identity and authority of the decisionmaker or

decisionmakers, and (ii) whether the FTC wishes to maintain or withdraw this action from further consideration.

**So ordered.**

I appreciate your timely and considered attention to all of these matters through the holiday period. It doesn't appear requested or necessary at this point, but if needed, with reasonable notice, I can be available for a Zoom conference on any day this week but January 2nd.

## Charles Eskridge

U.S. District Judge | Southern District of Texas
515 Rusk Street, Room 9015 | Houston, Texas 77002
(713) 250-5249 Chambers

---

**From:** Alex Roberts <aroberts@beckredden.com>
**Sent:** Friday, December 27, 2024 6:38 PM
**To:** Jennelle Gonzalez <Jennelle_Gonzalez@txs.uscourts.gov>; Shores, Ryan <rshores@cgsh.com>
**Cc:** 'amaltas@ftc.gov' <amaltas@ftc.gov>; Sara.Razi@stblaw.com <Sara.Razi@stblaw.com>; 'mgray@foglerbrar.com' <mgray@foglerbrar.com>; nmiller2@ftc.gov <nmiller2@ftc.gov>
**Subject:** RE: FTC v. Tempur Sealy and Mattress Firm

**CAUTION - EXTERNAL:**

Hello Ms. Gonzalez,

We hope that you had a nice holiday. As previewed earlier this week, Defendants filed today a notice reflecting an updated slot commitment at the Court's suggestion during closing arguments. The FTC believes that Defendants' submission is untimely and objects to the appropriateness of Defendants' untimely, post-discovery, post-hearing proposal, which Defendants are submitting to the Court two weeks after the submission of the Findings of Fact/Conclusions of Law and closing arguments. However, to the extent the Court is willing to consider Defendants' submission, we have outlined below the parties' proposed procedure.

Both sides have agreed to limit their opening papers (Defendants' Notice and the FTC's Response) to 2,200 words; although, the FTC reserves the right to request additional length depending on the content and claims of Defendants' submission. Defendants commit to limit any Reply to 1,200 words.

Defendants filed their notice today. The FTC will file its Response by January 3, 2025. Defendants will file any Reply by January 8, 2025, if permitted by the Court.

The parties disagree over whether Defendants should be allowed to file a Reply.

Defendants believe that, as the filing party, they should be allowed to file a Reply. See Court Procedure 17(f) (assuming the existence of a reply for civil motions). They further believe that a short reply will allow Defendants to address any objections raised by the FTC and assist the

2

Court as it considers the updated slot commitment and the FTC's preliminary-injunction motion.

From the FTC's perspective, considering the timing of this last-minute proposal and our understanding of the basis for it, the FTC does not believe a Reply is necessary or warranted on this notice of a new unenforceable "commitment," and opposes any request by Defendants to submit further argument or briefing, including a Reply, once the FTC has submitted its Response.

Alex

**ALEX B. ROBERTS**
*Partner*

**Beck Redden LLP**
(713) 951-6261 | phone
(713) 951-3720 | fax

Beck|Redden

1221 McKinney Street | Suite 4500 | Houston, Texas 77010-2010

website | bio | linkedin | vCard | map | aroberts@beckredden.com

**CONFIDENTIALITY NOTICE**: Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this e-mail message is attorney privileged and confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, do not read it. Please delete it from your system without copying it, and immediately notify the sender by reply email or by calling 713.951.3700, so that our address record can be corrected. Thank you.

---

**From:** Jennelle Gonzalez <Jennelle_Gonzalez@txs.uscourts.gov>
**Sent:** Tuesday, December 24, 2024 10:33 PM
**To:** Shores, Ryan <rshores@cgsh.com>
**Cc:** 'amaltas@ftc.gov' <amaltas@ftc.gov>; Sara.Razi@stblaw.com; 'mgray@foglerbrar.com' <mgray@foglerbrar.com>; Alex Roberts <aroberts@beckredden.com>
**Subject:** Re: FTC v. Tempur Sealy and Mattress Firm

*** This message came from outside Beck Redden LLP. ***

Mr. Shores, Judge Eskridge asked me to advise you all that he has seen your message and appreciates the advance notice. He asks that you and the FTC confer about what, if any, further procedure either or both sides might request in light of this announcement. He can be available for a Zoom conference at the end of this week, or the beginning of next, as convenient to the parties. But for right now, he also hopes that no one needs to pay attention to this again until the day after tomorrow, so that everyone can enjoy Christmas or their holiday with family and friends. Thank you.

Get Outlook for iOS

---

**From:** Shores, Ryan <rshores@cgsh.com>
**Sent:** Tuesday, December 24, 2024 4:34:38 PM
**To:** Jennelle Gonzalez <Jennelle_Gonzalez@txs.uscourts.gov>
**Cc:** 'amaltas@ftc.gov' <amaltas@ftc.gov>; Sara.Razi@stblaw.com <Sara.Razi@stblaw.com>; 'mgray@foglerbrar.com' <mgray@foglerbrar.com>; aroberts_beckredden.com <aroberts@beckredden.com>
**Subject:** FTC v. Tempur Sealy and Mattress Firm

**CAUTION - EXTERNAL:**

Ms. Gonzalez, Defendants are writing to inform the Court that, in light of comments made by the Court at closing argument last week, Defendants will be submitting a new slot commitment to the Court by the end of the week. Defendants are simultaneously notifying the FTC of this slot commitment, but given the time sensitivities, wanted to notify the Court of our intention now. Defendants can be available at the Court's convenience for a zoom conference following submission of the new commitment. Have a great holiday. Best, Ryan

___

**Ryan Shores**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: agunther@cgsh.com
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1876 | M: +1 202 431 2168
rshores@cgsh.com | clearygottlieb.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "Firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated firms or entities, and the term "offices" includes offices of those affiliated firms or entities. The term "partner" in relation to Cleary Gottlieb means a member, or an employee or consultant with equivalent standing and qualifications of Cleary Gottlieb.
We have recently updated our external privacy statement. You can read the latest version here: Privacy Statement.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.