# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *Plaintiff,* v. TEMPUR SEALY INTERNATIONAL, INC. and MATTRESS FIRM GROUP INC., *Defendants.* | Case No. 4:24-CV-02508 |

## PLAINTIFF FEDERAL TRADE COMMISSION'S STATEMENT IN RESPONSE TO DECEMBER 29, 2024 ORDER

Plaintiff Federal Trade Commission ("FTC") submits this Statement in response to the Court's December 29, 2024 Order that "the FTC file an additional statement by January 10th stating (i) the identity and authority of the decisionmaker or decisionmakers, and (ii) whether the FTC wishes to maintain or withdraw this action from further consideration." ECF No. 485.

Counsel for Plaintiff has apprised the Director of the Bureau of Competition, Henry Liu, of the revised slot commitment proposed to this Court.[1]  Director Liu oversees the Bureau of Competition and has final authority to present on behalf of the Bureau any

---

[1] Director Liu is an undersigned "Of Counsel" of the Complaint in this case, and of this filing.

settlement of the underlying Administrative Case to the Commission. As detailed in the FTC's Response to Defendants' Notice of Revised Slot Commitment ("Response"), Director Liu and Counsel for Plaintiff believe that the current unilateral offer from Defendants is substantively flawed for many reasons, including that Defendants have made no move to negotiate or enter into an enforceable consent decree that could resolve the Administrative Case. ECF No. 496, at 4-8.

The ultimate decisionmakers are the five Commissioners, but those Commissioners sit as adjudicators in the underlying Administrative Case. The Administrative Procedure Act and federal regulations therefore bar Counsel for Plaintiff and Bureau of Competition leadership from discussing any proposed settlement with the FTC Commissioners unless and until the Administrative Case is withdrawn from adjudication. *See* 16 C.F.R. §§ 3.25, 4.7; 5 U.SC. § 554(d). As also detailed in the Response, any party to the case can move the Administrative Law Judge and the Commission to withdraw the case from adjudication in order to engage in negotiation of a consent decree. 16 C.F.R. § 3.25(b); *see also* ECF No. 496, at 4. In fact, respondents in other cases have successfully moved the Commission to withdraw cases and consider settlement even over the objection of FTC Complaint Counsel. *See* Order Taking Official Notice and Withdrawing Proceeding from Adjudication, *In re Altria Group, Inc.*, FTC No. 9393 (May 4, 2023) (attached as Exhibit A) (granting the respondents' motion to withdraw the case from adjudication for 45 days so that the parties could negotiate a consent decree to resolve the case even though FTC Complaint Counsel opposed the motion).

Since proposing a revised slot commitment on Christmas Eve, Defendants have not filed a motion to withdraw the Administrative Case from adjudication. Nor have Defendants asked the FTC to negotiate a binding consent decree to resolve the Administrative Case, or sought to remedy the deficient terms in their proposal, and nothing in their filings indicates that they have any interest in doing so.

Therefore, Director Liu and Counsel for Plaintiff have no basis to make a motion to withdraw the Administrative Case. And, because Defendants' closing date of February 9, 2025 is fast approaching, it would be impractical to withdraw the Administrative Case now unless this Court issued a preliminary injunction enjoining Defendants from closing the Proposed Acquisition during the pendency of any negotiations.

Given that Defendants have made no move to negotiate or enter into an enforceable consent decree that may mitigate the anticompetitive harms of the Proposed Acquisition and allow for resolution of the Administrative Case, Plaintiff must maintain this preliminary injunction action.

Dated: January 10, 2025

Respectfully submitted,

Of counsel:

Henry Liu
Director, Bureau of Competition
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.: (202) 326-3462
Email: hliu@ftc.gov

*/s/ Allyson M. Maltas*
Allyson M. Maltas
Attorney-in-Charge
DC Bar No. 494566 *(Pro Hac Vice)*
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.: (202) 326-3646
Email: amaltas@ftc.gov

*Counsel for Plaintiff*
*Federal Trade Commission*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Statement on all counsel of record who have appeared in this matter via the Court's CM/ECF system on January 10, 2025.

*/s/ Allyson M. Maltas*
Allyson M. Maltas
Attorney-in-Charge
