IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>TEMPUR SEALY INTERNATIONAL, INC.<br><br>and<br><br>MATTRESS FIRM GROUP INC.,<br><br>*Defendants.* | Case No. 4:24-CV-02508 |

**PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION TO EXTEND
TEMPORARY RESTRAINING ORDER**

As directed by the Court, Plaintiff Federal Trade Commission ("FTC") files this motion addressing its request that should this Court deny the FTC's Motion for Preliminary Injunction ("Preliminary Injunction Motion") (ECF No. 143), the Court simultaneously extend the Temporary Restraining Order ("TRO") previously entered in this case (ECF No. 42) by seven (7) days to allow the FTC the opportunity to assess the decision and seek any appropriate appellate relief on an expedited basis.

Courts routinely enter such orders in merger cases to preserve the status quo and ensure an opportunity for appellate review. Absent an extension of the TRO, Defendants would be free to prevent effective appellate review of this Court's decision by consummating the Proposed Acquisition immediately following a decision to deny the

Preliminary Injunction Motion. That consummation would not only irreparably harm the FTC's ability to obtain effective relief for the public, but would also deprive the Court of Appeals for the Fifth Circuit of the ability to decide whether an injunction pending appeal is appropriate. Defendants will not be prejudiced by a short extension, which will not exceed their self-imposed outside closing date of February 9, 2025. While the Court has given no indication that it intends to deny the Preliminary Injunction Motion, the FTC makes this request in advance of the Court issuing its decision in order to preserve its rights and avoid unnecessary expedited briefing on this issue in the event of a denial.

## BACKGROUND

The stipulated TRO does not explicitly provide any grace period between the issuance of a decision denying the Preliminary Injunction Motion (should that occur) and Defendants' right to consummate the transaction. ECF No. 42 ("Defendants will agree to extend the date before which they will not close the Proposed Acquisition until after the expected date by which this Court will rule on the preliminary injunction."). Accordingly, Defendants contend that they are free to consummate the Proposed Acquisition immediately following an order denying the Preliminary Injunction Motion. Consistent with the agency's routine practice in similar merger challenges, the FTC previously requested that Defendants agree to a 10-day period between issuance of the Court's Order and the consummation of the Proposed Acquisition, but Defendants here refused.

## ARGUMENT

Federal courts have the authority under general equitable principles and the Federal Rules to extend temporary restraining orders or otherwise stay or delay the effective date of orders denying injunctions in order to preserve the status quo and allow time to pursue provisional relief from the appellate courts. *See In re Vitro, S.A.B. de C.V.*, 473 B.R. 117, 133 (Bankr. N.D. Tex. 2012), *aff'd sub nom. In re Vitro*, *S.A.B. de C.V.*, 701 F.3d 1031 (5th Cir. 2012) (denying motion to enforce foreign bankruptcy order but holding that "[b]ecause of the importance of this case to the financial and legal community, the Court will stay its decision….and will maintain the TRO for fourteen days to allow Vitro time to appeal and to seek a stay on appeal."); *Tobacco Accessories & Novelty Craftsmen Merchants Ass'n of Louisiana v. Treen*, 501 F. Supp. 168, 171 (E.D. La. 1980), *aff'd*, 681 F.2d 378 (5th Cir. 1982) (denying the plaintiffs' motion to enjoin state law and motion for injunction pending appeal but extending temporary restraining order to maintain the status quo and allow the Court of Appeals to act on the plaintiffs' application for an injunction pending appeal). *See also* Fed. R. Civ. P. 65(b); *Texas v. U.S.*, Case No. 6:21-cv-00003, 2021 U.S. Dist. LEXIS 24132, *3 ("Rule 65 of the Federal Rules of Civil Procedure authorizes a court to extend a temporary restraining order once for a period of 14 days if the Court finds that 'good cause' justifies such an extension.").

Other district courts have granted similar requests by the FTC to issue short extensions to temporary restraining orders in merger challenges to allow the FTC time to assess preliminary injunction decisions and bring necessary appellate motions. In *FTC v.*

3

*Meta Platforms Inc.*, the district court granted the FTC's request to extend the parties' stipulated temporary restraining order under Rule 65(b) for seven days following denial of the FTC's preliminary injunction motion because, as here, "consummation of the Acquisition will irreparably harm the FTC's ability to obtain effective relief for the public at the conclusion of any further proceedings" and "Defendants will suffer no or little harm from a brief extension of the TRO." Order on Plaintiffs' Emergency Motion for Extension of Temporary Restraining Order, Case No. 5:22-cv-04325-EJD, ECF No. 547 (N.D. Cal. Jan. 31, 2023) (attached as Exhibit B).[1] Similarly, in *FTC v. Novant Health, Inc.*, the district court denied the FTC's motion for preliminary injunction and motion for an injunction pending appeal, but extended the stipulated temporary restraining order to allow sufficient time for the FTC to move the Court of Appeals for an injunction pending appeal, which that court then granted. No. 5:24-cv-00028-KDB-SCR, 2024 U.S. Dist. LEXIS 103910, at *11 (W.D.N.C. June 11, 2024).

Good cause for a short extension of the TRO similarly exists here. If this Court denies the Preliminary Injunction Motion, Defendants could consummate their acquisition before the FTC has an opportunity to move for an injunction pending appeal absent the requested extension. Allowing Defendants to close the Proposed Acquisition will foreclose the FTC from obtaining full and effective relief at the conclusion of any further proceedings, and undermine the public interest in effective enforcement of the antitrust laws. *See FTC v. Penn State Hershey Med. Ctr.*, 838 F.3d 327, 353 (3rd Cir.

---

[1] While the opinion is labeled "Filed Under Seal," it was pulled from the public docket.

2016). Allowing Defendants to immediately consummate the Proposed Acquisition would also prevent the Fifth Circuit Court of Appeals from having the opportunity to review any motion for injunction pending appeal, if needed. *See FTC v. Weyerhaeuser Co.*, 665 F.2d 1072, 1076 (D.C. Cir. 1981) (commenting on the district court's denial of restraining order, which allowed parties to consummate merger prior to Court of Appeals' consideration of any injunction pending appeal: "It was not consistent with the fair, effective administration of justice for the district judge to deny to a party, situated as was the FTC in this case, even a brief holding order affording time to apply to this court for provisional relief.").

In contrast, Defendants will not be harmed by a brief extension of the TRO. Assuming that the Court issues its opinion by the end of this week, as contemplated, the seven-day extension period will expire prior to the Merger Agreement's outside date of February 9, 2025. The extended TRO would not prevent Defendants from closing on time should this Court deny the Preliminary Injunction Motion.

## CONCLUSION

For all the reasons stated above, the FTC respectfully requests that in the event this Court denies the FTC's Motion for Preliminary Injunction, it also extend the TRO by seven (7) days.

Dated:   January 28, 2025               Respectfully submitted,

*/s/ Allyson M. Maltas*

Allyson M. Maltas
Attorney-in-Charge
DC Bar No. 494566 *(Pro Hac Vice)*
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.: (202) 326-3646
Email: amaltas@ftc.gov

*Counsel for Plaintiff
Federal Trade Commission*

6

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Motion to Extend Temporary Restraining Order on all counsel of record who have appeared in this matter via the Court's CM/ECF system on January 28, 2025.

                                                */s/ Allyson M. Maltas*
                                                Allyson M. Maltas
                                                Attorney-in-Charge