United States District Court
Southern District of Texas

**ENTERED**

January 31, 2025

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE | § | CIVIL ACTION NO |
| COMMISSION, | § | 4:24-cv-02508 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| TEMPUR SEALY | § | |
| INTERNATIONAL, INC, | § | |
| and MATTRESS FIRM | § | |
| GROUP INC, | § | |
| Defendants. | § | |

**ORDER**

An Opinion and Order has been entered under seal this day denying the motion by the Federal Trade Commission for a preliminary injunction that would halt the closing of the proposed acquisition of Mattress Firm Group Inc by Tempur Sealy International, Inc, pending completion of its own administrative proceeding. See Dkt 507; see Dkt 143 (FTC motion).

The Opinion and Order was entered under seal because a large array of confidential and proprietary information was submitted during these proceedings as derived from Tempur Sealy, Mattress Firm, and a number of other participants in the mattress industry. It is anticipated that a redacted version will be made available on the public record on February 4, 2025.

The parties are ORDERED to confer and submit proposed redactions to the Opinion and Order suitable for filing on the public record. The redactions must be provided by 3:00 pm CST on February 3, 2025, and limited to only those

genuinely necessary to preserve actual confidential and proprietary information.

Also pending is a motion by the FTC to extend the temporary restraining order previously entered in this action by seven days from today's date. Dkt 503.

The temporary restraining order states:

> Provided that the schedule ultimately entered by this Court accounts for Defendants' need for a decision on the FTC's motion for a preliminary injunction before the Termination Date of the acquisition agreement and other related scheduling issues, Defendants will agree to extend the date before which they will not close the Proposed Acquisition *until after* the expected date by which this Court will rule on the preliminary injunction.

Dkt 42 (emphasis added).

The parties have all along recognized February 9, 2025, as the termination date for the proposed merger. Indeed, that is why this Court committed to them to have this ruling entered this day, to allow for the potential to seek effective review by the Fifth Circuit.

The FTC's motion does nothing more than request that the TRO remain in place for that brief duration, so that it may seek such appellate relief, if determined advisable. Dkt 503 at 2. Defendants oppose this, arguing that they are entitled to close immediately upon entry of the Opinion and Order. Dkt 504 at 3, 6. Such contention is rejected.

As noted above, the TRO was prepared in mind of the termination date, with agreement that Tempur Sealy and Mattress Firm won't close the acquisition "until after" the date of this Court's order. Nothing suggests such language means that they must close *immediately after* such order or *with undue haste*. Indeed, their position does little other than ensure that an additional emergency motion will be placed before the Fifth Circuit in a burdensome way. See *FTC v Weyerhaeuser Co*, 665 F2d 1072, 1076 (DC Cir 1981):

"It was not consistent with the fair, effective administration of justice for the district judge to deny to a party, situated as was the FTC in this case, even a brief holding order affording time to apply to this court for provisional relief."

Rule 65(b)(2) of the Federal Rules of Civil Procedure states that a temporary restraining order "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." FRCP 65(b)(2). Such relief in these circumstances isn't unusual. For example, see *FTC v Meta Platforms Inc*, 654 F Supp 3d 892 (ND Cal 2023), ECF No. 543 (order extending TRO).

The motion by the Federal Trade Commission for extension by seven days of the temporary restraining order in place in this action is GRANTED. Dkt 503.

It is ORDERED that the temporary restraining order in this action is extended to allow the potential for expedited relief from the Fifth Circuit prior to the termination date, if desired.

It is further ORDERED that Defendants Tempur Sealy International, Inc, and Mattress Firm Group Inc shall not close their proposed acquisition with an effective date prior to 3:00 pm CST on February 7, 2025, so that the Fifth Circuit may have a reasonable opportunity to consider any papers put before it by the Federal Trade Commission.

SO ORDERED.

Signed on January 31, 2025, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge