UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Federal Trade Commission,<br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Tempur Sealy International, Inc., *et al.*,<br>　　　　　　　　Defendants. | Civil Action No. 4:24-cv-02508<br><br><br>Judge Charles Eskridge |

**Defendants' Unopposed Motion to Amend
the Temporary Restraining Order**

On January 31, 2025, this Court denied the FTC's request for a preliminary injunction to block the merger. Order, ECF No. 507. At the same time, the Court extended the Temporary Restraining Order until February 7, 2025, at 3 p.m. Central Standard Time (*i.e.*, 4 p.m. Eastern Time). Order 3, ECF No. 508. It reasoned that this extension would give the Fifth Circuit a reasonable opportunity to consider any expedited request from the FTC while also accommodating the merger agreement's February 9 termination date. Order 2–3, ECF No. 508.

Closing a transaction of this size involves several steps that must occur in a particular sequence. Defendants are working diligently to accomplish as many of those steps as it can in advance. But as a practical matter, certain steps can only reasonably be taken after it is certain that the closing will occur—*i.e.*, after the TRO expires. These steps include: (1) borrowing, funding, and depositing billions of dollars, (2) paying Mattress Firm's loans and other indebtedness where the merger would trigger an event of default, (3) filing a certificate of merger with the Delaware Secretary of State, and (4) confirmation of acceptance of such certificate by the Delaware Secretary of State. These steps take time and many of them involve financial and government institutions outside Defendants' control.

Thus, Defendants respectfully request a minor adjustment so that the TRO instead expires at 12 p.m. Eastern Time on February 7, 2025. *See*

*Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981) ("[A district court] possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient"). Defendants also ask that the Court make clear that, if the Fifth Circuit resolves any emergency request from the FTC *before* the TRO is set to expire or if the FTC decides not to seek emergency relief from the Fifth Circuit, the TRO will end.

Defendants have conferred with the FTC, which does not oppose this request.

Consistent with the Court's order, ECF No. 508, shortening the TRO by only four hours will allow for emergency Fifth Circuit review while preserving Defendants' ability to close the merger. Defendants understand that if the FTC seeks emergency relief from the Fifth Circuit, it will do so today. If so, Defendants would promptly file a response. A 12 p.m. Eastern Time expiration gives the Fifth Circuit time to review any request and accommodates the termination date. By contrast, the current 4 p.m. Eastern Time expiration risks preventing the merger from closing altogether.

\*            \*            \*

To preserve Defendants' ability to close the merger, while allowing time for any emergency Fifth Circuit review, Defendants ask this Court to revise the Temporary Restraining Order so that it expires at the earliest of (1) 12 p.m. Eastern Time on February 7, 2025, (2) the Fifth Circuit resolving any

2

emergency request from the FTC, or (3) the FTC deciding not to seek emergency relief from the Fifth Circuit.

Dated: February 3, 2025

| /s/ Sara Y. Razi | /s/ Ryan A. Shores |
|---|---|
| *Attorney-In-Charge* | *Attorney-In-Charge* |

Sara Y. Razi
N. Preston Miller
Lindsey C. Bohl
Avia Gridi
Nicholas Ingros
Geoffrey I. Schmelkin
SIMPSON THACHER & BARTLETT LLP
900 G. Street, N.W.
Washington, D.C. 20001
Tel: (202) 636-5500
Fax: (202) 636-5502
sara.razi@stblaw.com
preston.miller@stblaw.com
lindsey.bohl@stblaw.com
avia.gridi@stblaw.com
nicholas.ingros@stblaw.com
geoffrey.schmelkin@stblaw.com

Michelle E. Gray
State Bar No. 24078586
S.D. Tex. Bar No. 892270
mgray@foglerbrar.com
Deborah C. Milner
State Bar No. 24065761
S.D. Tex. Bar No. 971677
cmilner@foglerbrar.com

FOGLER, BRAR, O'NEIL & GRAY

Ryan A. Shores
D. Bruce Hoffman
Daniel P. Culley
Blair W. Matthews
Matthew I. Bachrack
Jacob M. Coate
Gabriel J. Lazarus
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Ave., NW
Washington, D.C. 20037
202-974-1500
bhoffman@cgsh.com
rshores@cgsh.com
dculley@cgsh.com
mbachrack@cgsh.com
bmatthews@cgsh.com
jcoate@cgsh.com
glazarus@cgsh.com

Heather S. Nyong'o
CLEARY GOTTLIEB STEEN & HAMILTON LLP
650 California St.
San Francisco, CA 94108
415-796-4400
hnyongo@cgsh.com

Lina Bensman

3

| | |
|---|---|
| LLP<br>2 Houston Center<br>909 Fannin Street, Suite 1640<br>Houston, TX 77002<br>(713) 481-1010<br>(713) 574-3224 (Fax)<br><br>*Counsel for Mattress Firm Group Inc.* | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, NY 10006<br>212-225-2000<br>lbensman@cgsh.com<br><br>Alex B. Roberts<br>Federal Bar No. 865757<br>Texas State Bar No. 24056216<br>aroberts@beckredden.com<br>BECK REDDEN LLP<br>1221 McKinney Street<br>Suite 4500<br>Houston, TX 77010<br>Tel: (713) 951-3700<br>Fax: (713) 951-3720<br><br>*Counsel for Tempur Sealy International, Inc.* |

## Certificate of Service

I hereby certify that on February 3, 2025, I electronically filed a true and correct copy of the foregoing document using this Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Ryan A. Shores*
Ryan A. Shores

**Certificate of Word Count**

I certify that the motion contains 497 words, excluding the case caption, signature block, and certificates.

>    */s/ Ryan A. Shores*
>    Ryan A. Shores

**Certificate of Conference**

Pursuant to Court Procedure 17(a), I certify that, on February 2, 2025, Defendants' counsel conferred with the FTC's counsel, who indicated that the FTC does not oppose this request.

/s/ *Ryan A. Shores*
Ryan A. Shores